UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY and BRET GARRISON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-101-ZMB |
| | ) | |
| ARBONNE INTERNATIONAL LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs Judy and Bret Garrison's Motion for Remand. Doc. 48. The Court grants their request because the parties agree that the original notice of removal is deficient, Defendant PTI Union never sought leave to file its equally defective Amended Notice of Removal, and its bleated request for leave to file a second amended notice also falls short.

## BACKGROUND

Judy Garrison alleges that she suffers from mesothelioma caused by her exposure to talc products containing asbestos that Defendants sold, distributed, and installed. Doc. 8 ¶¶ 2–6. On January 16, 2026, the Garrisons filed this action in state court, asserting four counts related to asbestos exposure: strict liability, negligence, willful and wanton misconduct, and loss of consortium. *Id.* ¶¶ 24–41. PTI Union removed the case a week later. Doc. 1. At the time of removal, only Defendant Broadview Investments had been served. *See Garrison v. Arbonne Int'l LLC*, No. 26SL-CC00666, Notices of Service (Mo. 21st Cir. Ct. Feb. 17–23, 2026). PTI Union was served 6 days after removal and forum-state Defendant Vi-Jon was served the next day. *Id.*; *see* Doc. 78 at 8.

The Garrisons timely moved to remand this action to state court, arguing that "[PTI] Union's allegations regarding its codefendants do not provide enough information for the Court to assess the citizenship of Arbonne [International], PTI Georgia, or Vi-Jon." Doc. 48 at 2. PTI Union filed an amended notice of removal to provide the missing citizenship details without seeking leave, even though more than 30 days had elapsed since it was served. *See* Doc. 57. After this unilateral amendment, PTI Union responded to the pending remand motion, asserting that "[a]ny deficiency or lack of clarity in Union's original Notice of Removal has been remedied." Doc. 59 at 4. In reply, the Garrisons claim that PTI Union still has not "identif[ied] the citizenship of all parties, both at the time of removal and when the case was commenced" and argue that PTI Union cannot amend their defective notice of removal because a forum-state defendant was served in the interim. Doc. 78 at 3–5, 7–9. The Court allowed supplemental briefing on those two issues, as well as whether the Court should "accept [PTI Union's] amended notice of removal despite its failure to seek leave." Doc. 80. In its sur-reply, PTI Union primarily argued that the parties are completely diverse and the presence of a forum-state defendant does not preclude removal, but it also made a conditional request for leave to amend its notice of removal a second time "[s]hould the Court determine that [PTI] Union's Notice of Removal must specifically state the citizenship of each party on both the date the Complaint was filed and as of the date of removal." Doc. 81 at 5. After the Garrisons opposed that request, Doc. 82 at 3, the remand motion is ripe for adjudication.

## LEGAL STANDARD

A defendant generally may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As relevant here, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens

2

of different States." 28 U.S.C. § 1332(a). "However, 'a civil action [] removable solely on the basis of the jurisdiction under section 1332(a) may not be removed if any of the parties . . . properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Mosley v. First Student*, No. 4:25-CV-1440-CMS, 2025 WL 3466952, at *1 (E.D. Mo. Dec. 3, 2025) (citing 28 U.S.C. § 1441(b)(2)).

After removal, a party may seek remand on jurisdictional grounds, and relief must be granted if it appears the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). Once disputed, the removing party "bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Keller v. Am. Bottling Co.*, No. 4:19-CV-2895-JAR, 2020 WL 3412236, at *1 (E.D. Mo. June 22, 2020) (citations omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). But "[f]ederal courts have a 'virtually unflagging obligation' to decide cases that fall within their jurisdiction." *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (citation omitted).

## DISCUSSION

The Garrisons and PTI Union agree that PTI Union failed to meet its burden of establishing diversity citizenship in its original notice of removal. *See* Doc. 48 at 9; Doc. 81 at 3. And given that PTI Union never sought leave to file its amended notice as required by 28 U.S.C. § 1653, the original notice of removal remains the operative pleading. Nor is PTI Union's last-minute request for leave to file a second amended notice of removal enough to save it, particularly considering that PTI Union has had ample opportunity to meet its burden of establishing federal jurisdiction. Accordingly, the Court grants the Garrisons' motion for remand.

## I.       Amendment Without Leave

The Court must first determine the operative notice of removal. PTI Union asserts that "no Eighth Circuit authority requir[es] a defendant to first seek leave" before amending a notice of removal. Doc. 81 at 2. Tracking the statutory language, the Garrisons counter that a defendant cannot "unilaterally set its own terms for filing an amended removal notice" more than 30 days after service. Doc. 82 at 1–2. Because the text of section 1653 makes it clear that PTI Union needed leave to amend, and given that it never sought permission to file its Amended Notice of Removal, only the defective original notice is currently before the Court.

"A notice of removal may be freely amended during the thirty-day period in which the removal may be filed." *Binkley v. 3M Co.*, No. 4:18-CV-768-CAS, 2018 WL 3219632, at *1 (E.D. Mo. July 2, 2018) (citations omitted). "After that time elapses, under 28 U.S.C. § 1653, a removing party may amend its notice of removal to remedy 'defective allegations of jurisdiction.'" *Martin v. LVNV Funding*, No. 4:20-CV-1414-MTS, 2021 WL 2894741, at *3 (E.D. Mo. July 9, 2021). Critically, section 1653 includes a condition that such amendments be made "upon terms," which gives courts discretion as to whether an amendment should be permitted. *See Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998). Thus, if a court does not preemptively authorize an amendment, a defendant must seek leave to amend its notice of removal. *See Cross v. Bank of New York Mellon*, 2020 WL 5535976, at *2 (S.D. Tex. Sept. 15, 2020) ("After the 30-day removal period has elapsed, a defendant must seek leave to amend the notice of removal under [section] 1653.").

PTI Union's suggestion to the contrary begs the question: if terms are not set by a court, who would set them? PTI Union appears to suggest that the removing party gets to set the terms itself, but that interpretation would render "upon terms" entirely superfluous. *But see Haroun v. U.S. Dep't of Homeland Sec.*, 929 F.3d 1007, 1010 (8th Cir. 2019) ("When interpreting a statute,

4

courts typically do not presume that Congress has used superfluous words in its enactments."). The only plausible reading of section 1653 is that the court sets the terms of amendment. *See Dubach*, 135 F.3d at 593 (citing this statute for the proposition that courts "[have] discretion to allow amendment" and proposing terms upon which amendment would be permitted); *see also Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (exercising "discretion to deem the defective pleadings properly amended" pursuant to section 1653).

PTI Union cites several cases to suggest that leave is not required, but none are availing. First, PTI Union characterizes *City of St. Louis v. Bindan Corp.* "as permissive of filing amended notices" without leave. Doc. 81 at 2 (citing 295 F.R.D. 392, 395 (E.D. Mo. 2013)). In particular, PTI Union emphasizes this Court's language that "[a] notice of removal *may be amended* during the 30 day period during which the removal may be filed" and "a notice *may be amended* after the 30 day period," with the only exception being that the amendment "cannot add new grounds for removal." *Id.* (citing *Bindan Corp.*, 295 F.R.D. at 395). PTI Union puts far more weight on this language than the opinion itself can bear, as the *Bindan Corp.* court remanded the case after noting that the defendant "never sought to amend their original notice of removal," thereby implying that permission was needed. 295 F.R.D. at 396.

PTI Union's reliance on *Happen Technologies v. Social Business Experience* is puzzling. Doc. 81 at 2 (citing No. 4:24-CV-643-MTS, 2024 WL 2077560, at *1 (E.D. Mo. May 9, 2024)). In that case, this Court noticed a jurisdictional deficiency on its own review but expressly gave defendants a chance to cure the issue before it remanded the case. *Happen Techs.*, 2024 WL 2077560, at *1. That the Court elected to give that party leave to amend cannot be used to show that such leave was unnecessary.

Finally, PTI Union invokes a decades-old, out-of-circuit order for the proposition that "failure to consider [an] Amended Removal would exalt form over substance." Doc. 81 at 3 (citing *McGuigan v. Roberts*, 170 F. Supp. 372, 374 (S.D.N.Y. 1959)). But that decision lacks even persuasive authority, as the *McGuigan* Court never squarely addresses whether leave under section 1653 is required, sidestepping the issue by accepting a filing on the basis that "leave would have undoubtedly been given if requested." *McGuigan*, 170 F. Supp. at 374. Thus, none of PTI Union's cited cases establish that it did not need to seek leave under section 1653.

Accordingly, given PTI Union's failure to even belatedly seek leave to file the amended notice, the original Notice of Removal is the operative pleading for purposes of determining jurisdiction in this matter. And by PTI Union's own admission, Doc. 81 at 3, it plainly falls short in that regard.

## II.      Amending the Notice of Removal

In a throw-away line in its sur-reply, PTI Union seeks leave to file a second amended notice of removal "[s]hould the Court determine that Union's Notice of Removal must specifically state the citizenship of each party on both the date the Complaint was filed and as of the date of removal." [1] Doc. 81 at 5. As an initial matter, this belated request is not properly before the Court. *See* E.D. Mo. L. R. 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed."); *Permanent Gen.*

---

[1] PTI Union all but concedes that its Amended Notice of Removal is also deficient. PTI Union acknowledges that "[it] did not explicitly state that the parties' citizenships were true as of both the date the Complaint was filed and at the time of removal," and tries to waive away this defect by arguing that "the specified states of citizenship were expressed in the present tense and intended to reflect the citizenship of the parties at the commencement of the case up to the present." Doc. 81 at 4. But the Eighth Circuit has rejected this very argument, "deem[ing] insufficient a 'petition for removal' which 'simply stated that the plaintiff is—that is to say, was at that date—a citizen of' a different state from the defendant." *Reece*, 760 F.3d at 777 (citation omitted). While PTI Union may not have needed to explicitly allege citizenship at the time of filing and removal, s*ee, e.g.*, *Hughes v. Transwood, Inc.*, No. 4:17-CV-1943-PLC, 2018 WL 926131, at *3 (E.D. Mo. Feb. 16, 2018) ("[A]llegations that [the parties] were and are citizens of their respective states 'at all relevant times' appear sufficient to satisfy the requirement that the diverse citizenship exist both when the lawsuit is filed in state court and when the lawsuit is removed to federal court."), what it did was plainly insufficient.

*Assurance Corp. v. Spooner*, 175 F.4th 893, 897 (8th Cir. 2026) ("[F]leeting references to amendment are insufficient to bring the matter to the court's attention . . . [a]t a minimum [the movant] should have moved separately to amend the [pleading] and offered the proposed [pleading] or the substance of the proposed [pleading] for the court to consider." (quotations omitted)). Additionally, the Court denies this request because PTI Union had ample opportunity to establish federal jurisdiction and provides no reason why it should be given yet "another bite at the apple." *See, e.g.*, *Nichols v. WBX Transp.*, 2015 WL 5009002, at *2 (N.D. Ga. Aug. 19, 2015) (denying leave to amend and remanding case where a party had two chances to establish jurisdiction and failed to do so). Without amendment, PTI Union's original notice of removal does not establish federal jurisdiction, so the Court remands this action.[2]

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs Judy and Bret Garrison's [48] Motion for Remand. The Court will issue a separate Order of Remand to accompany this order.

So ordered this 1st day of July 2026.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[2] In light of this conclusion, the Court need not address the Garrisons' alternative argument that a defendant relying on snap removal may not amend a notice of removal after a forum-state defendant is served. Doc. 78 at 7–11. However, it is worth noting that PTI Union ignored this point, instead opting to discuss the propriety of snap removal generally. Doc. 81 at 5–9. While one court has rejected the Garrisons' alternative argument, *see Baele v. Univ. Healthcare Sys., L.C.*, 2023 WL 4882818, at *2 (E.D. La. Aug. 1, 2023), PTI Union has effectively waived its opposition to this alternative argument, providing a separate basis for remand.